UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COVES OF THE HIGHLAND COMMUNITY DEVELOPMENT DISTRICT | CIVIL ACTION |
| VERSES | NO: 15-2876 |
| SCB DIVERSIFIED MUNICIPAL PORTFOLIO ET AL | SECTION: "H"(2) |

## ORDER AND REASONS

Before the Court are Plaintiff's Motion for Summary Judgment (Doc. 9) and Defendant's Rule 56(d) Motion to Deny or Defer Ruling on Plaintiff's Motion for Summary Judgment (Doc. 13). For the following reasons, the Motion for Summary Judgment is **DENIED**, and the Rule 56(d) Motion is **GRANTED**.

## BACKGROUND

Plaintiff Coves of the Highland Community Development District (the "District") asks for a declaratory judgment that $7,695,000 worth of bonds

1

issued by the District and purchased by Defendants have prescribed due to alleged lack of payment or acknowledgement of the debt by the District for a period exceeding five years.

The District was formed under Louisiana law in 2006 for the purpose of financing and managing the infrastructure of a planned residential community called The Coves of the Highland (the "Project") in Robert, Louisiana.[1] MGD Partners, LLC, ("MGD") purchased approximately 324 acres at the site of the Project in March 2006. Thereafter, Plaintiff entered into a development agreement with MGD. On November 16, 2006, Plaintiff authorized and issued $7,695,000 in bonds, primarily to finance infrastructure improvements for the Project. These bonds were purchased by Defendants.

The Project was ultimately unsuccessful. After much of the infrastructure was in place, the Army Corps of Engineers issued a report dated December 12, 2008, stating that from 1942 to 1945 the United States Government leased the land upon which the Project was situated for use as a practice bombing range. Because of the gunnery, rocket, and bombing practice that had taken place on the property, the Corps discussed the potential of unexploded ordnance and munitions on the property. Because of this report, Tangipahoa Parish refused to issue further permits for the Project. Ultimately, though the streets and other infrastructure were in place, no lots were sold and

---

[1] In 2001 the Legislature established the Louisiana Community Development District Act to allow the establishment of independent districts to manage and finance community development services without overburdening parishes and municipalities. *See* La. Rev. Stat. § 33:9039.12. The District was established pursuant to this statute.

2

Plaintiff was unable to meet its financial obligations under the bond agreements. Plaintiff now moves for summary judgment, arguing that the debt has prescribed.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[5] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[6] "In response to a

---

[2] Fed. R. Civ. P. 56(c) (2012).
[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[4] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).
[5] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).
[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[7]  "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[8]  Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

## LAW AND ANALYSIS

Plaintiff asks for summary judgment, arguing that its debt has prescribed.  Under Louisiana law, municipal bonds prescribe in five years.[10] This prescription is interrupted by acknowledgement of the debt[11] or by the filing of suit within the relevant prescriptive period.[12]  "The jurisprudence holds that 'partial payment by a third party constitutes acknowledgement of a debt which interrupts prescription only if such payment has been made with

---

[7] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[8] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).
[9] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[10] La. Civ. Code art. 5440; see *Aucoin v. E. Baton Rouge Parish,* 450 So. 2d 1051, 1052 (La. Ct. App.) *writ denied*, 457 So. 2d 12 (La. 1984).
[11] La. Civ. Code art. 3464.
[12] La. Civ. Code art. 3462.

the authority of the debtor.'"[13] Acknowledgement of a debt may be express or tacit and need not take any particular form.[14]

Plaintiff argues that summary judgment is warranted because no revenue stream was ever established, and it made no payments on the bonds. It avers that because it has been in default for more than five years, the debt has prescribed. Defendants, however, dispute Plaintiff's assertion that the debt has not been acknowledged.[15] They point to certain payments made by the Trustee from the Debt Services Reserve Account as an acknowledgement of the debt. These payments were made pursuant to the contractual scheme governing this transaction.[16] They argue that the Trustee was, per the terms of the bond agreements,[17] acting as Plaintiff's agent when making payments from the Debt Services Reserve Account. Plaintiff denies that the Trustee was its agent for the purpose of these transactions. Because resolution of this

---

[13] *Breeden v. Cella*, 832 So. 2d 1072, 1078 (La. Ct. App. 2002) *writ denied*, 841 So. 2d 795.

[14] *Demma v. Auto. Club Inter-Ins. Exch.*, 15 So. 3d 95, 98 (La. 2009).

[15] Defendants also respond with a Rule 56(d) Motion to Defer or Deny Ruling on Plaintiff's Motion for Summary Judgment (Doc. 13), arguing that the motion is premature at this time because no discovery has been conducted.

[16] A portion of the funds used to purchase the bonds were placed in a Debt Service Reserve Account. Revenues from the Project were to be placed in a Debt Services Fund. These accounts were managed by Regions Bank as Trustee. If revenue was insufficient to make the payments on the bonds from the Debt Services Funds, the Trustee was authorized to make payments from the Debt Service Reserve Account, which the Trustee in this case did.

[17] Specifically, the payments were authorized by the Master Trust Indenture and the Limiting Offering Memorandum—documents that were signed by both parties.

matter necessarily involves factual findings regarding the Trustee's authority to acknowledge on behalf of Plaintiff, discovery is warranted.

## CONCLUSION

For the forgoing reasons, the Motion for Summary Judgment (Doc. 9) is **DENIED,** and the Motion to Deny or Defer (Doc. 13) is **GRANTED**.

New Orleans, Louisiana this 10th day of November, 2015.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**